PS Funding\138 Nobility Court - 138 Nobility LLC\Motion for Relief from Automatic Stay - Application

**CHARTWELL LAW**
John J. Winter, Esquire (JW-043481990)
Robert J. Murtaugh, Esquire (RM-007812001)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-7700
Attorneys for U.S. Bank Trust National Association,
as Owner Trustee of LH-NP-STRAT Delaware Owner
Trust, a Delaware Statutory Trust

_____
In re:                                                      : UNITED STATES BANKRUPTCY COURT
**138 NOBILITY LLC,**                          : DISTRICT OF NEW JERSEY
                Debtor.          : Trenton Vicinage
_____ : Chapter 7 Case No. 22-15395-KCF
**US BANK TRUST NATIONAL**         :
**ASSOCIATION, not in its Individual** :
**Capacity but Solely as Owner Trustee of** :
**LH-NP-STRAT Delaware Owner Trust,** :
**a Delaware Statutory Trust,**              : Hearing Date: August 23, 2022, 10:00 A.M.
                Movant,       : Responses Due: August 16, 2022
            v.                                  : Oral Argument Requested if Opposed
**138 NOBILITY LLC,**                          :
                Respondent.  :
_____  :

**APPLICATION IN SUPPORT OF MOTION, ALTERNATIVELY, FOR ADEQUATE PROTECTION, RELIEF FROM THE AUTOMATIC STAY, TO PROHIBIT OR CONDITION USE OF CASH COLLATERAL, OR DISMISSAL OF CASE, PURSUANT TO 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) AND (e), AND 707(a)(1), FILED ON BEHALF OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF <u>LH-NP-STRAT DELAWARE OWNER TRUST, A DELAWARE STATUTORY TRUST</u>**

TO:    Kathryn C. Ferguson
         United States Bankruptcy Judge

         ALL E-FILERS

    **U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust ("US Bank Trust" or "Movant")**, a secured creditor of the above-captioned debtor and party in interest herein, by and through its undersigned attorneys, Chartwell Law, hereby moves for the

1

entry of an Order or Orders, Alternatively for Adequate Protection, Relief from the Automatic Stay, to Prohibit or Condition Use of Cash Collateral, or Dismissal of Case, Pursuant to 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), and 707(a)(1) (the "Motion").

## I. PARTIES, JURISDICTION AND VENUE.

1. US Bank Trust maintains a place of business or other address for purposes of notices and service of papers located at c/o Napier Park Global Capital (US) LP, 280 Park Ave., 3rd Floor, New York, NY 10017.

2. The above-captioned debtor, 138 Nobility LLC ("Nobility", or the "Debtor"), is a New Jersey limited liability company, with its principal place of business located at 54 Stevens Ave., Jersey City, NJ 07305, and its only asset consisting of residential real property located at 138 Nobility Ct., Toms River, NJ 08755. The Debtor can also be served with notices and papers in care of its sole member, Arthur Spitzer, at 2370 Forest Circle, Toms River, NJ. 08755.

3. On July 5, 2022 (the "Petition Date"), an alleged creditor of the Debtor, Barry Schwartz, identifying himself as a property manager, filed an involuntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), in the District of New Jersey, Trenton Vicinage, which was docketed at Case No. 22-15395-KCF (the "Involuntary Petition", D.I. No. 1), resulting in the above-captioned case (the "Bankruptcy Case").

4. The Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

5. This Motion is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (G), (M) and (O).

6.  This Motion is brought pursuant to 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), and 707(a)(1), and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

## II. BACKGROUND.

### A. Movant's Loan.

7.  On August 1, 2019, pursuant to a "Loan Agreement" dated August 1, 2019 (the "Loan Agreement"), Debtor borrowed the principal amount of $427,000 (the "Loan") from 703 Funding A LLC, a New York limited liability company ("Funding", or "Lender"). As evidence of its obligation to repay the Loan, Debtor executed and delivered to Lender its "Note" dated August 1, 2019 in the original principal amount of $427,000 (the "Note"). See the Affidavit of Brett Peiffer filed in support of this Motion (the "Servicer Affidavit"), at ¶3. True and correct copies of the Loan Agreement and Note are attached to the Servicer Affidavit as Exhibits "A" and "B", respectively, and are incorporated herein by reference.

8.  The Note provided for the accrual of interest on the principal balance at the rate of 10.0% *per annum*, a one (1) year term, and a maturity date of September 1, 2020, and required regular monthly payments of interest on the first day of each month, beginning with the first payment due on October 1, 2019, each in the amount of $3,558.33, and a final payment of all outstanding principal, accrued interest, fees and costs on September 1, 2020. The Note also provided for a late charge of 5.0% of each payment not received within 15 calendar days of its due date, and a default rate of interest at the rate of 15.0% *per annum*. Servicer Affidavit, ¶4.

9.  By Allonge to the Note dated August 15, 2019, Lender assigned the Loan and Note to PS Funding, Inc., a Delaware corporation (the "First Allonge"). By Allonge to the Note dated July 31, 2020, PS Funding, Inc. assigned the Note to U.S. Bank National Association, not

3

in its individual capacity but solely as owner trustee for LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust (the "Second Allonge").  Servicer Affidavit, ¶5. True and correct copies of the First Allonge and Second Allonge are attached to the Servicer Affidavit as Exhibits "C" and "D", respectively, and are incorporated herein by reference.

        10.      To secure its obligations under the Loan Agreement and Note, Borrower executed and delivered to Funding a "Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing", dated August 1, 2019 in the original principal amount of $427,000, against its real property located at 138 Nobility Ct., Toms River, NJ 08755 (Ocean County Block 124, Lot 1.13) (the "Property"), which was duly recorded in the Office of the Ocean County Clerk on August 14, 2019 at Instrument No. 2019079083, OR Bk 17571 Pg 654 (the "Mortgage").  By Assignment of Mortgage dated August 15, 2019, Lender assigned the Mortgage to PS Funding, Inc., which was recorded on October 21, 2019 at Instrument No. 2019105429, Assignment Book 17650, Page 83 (the "First Assignment").  By Assignment of Mortgage dated July 31, 2020, PS Funding, Inc. assigned the Mortgage to U.S. Bank National Association, not in its individual capacity but solely as owner trustee for LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, which was recorded on August 3, 2020 at CFN No. 2020081833, Assignment Book 17991, Page 853 (the "Second Assignment"). Servicer Affidavit, ¶6.  True and correct copies of the Mortgage, First Assignment and Second Assignment are attached to the Servicer Affidavit as Exhibits "E", "F" and "G", respectively, and are incorporated herein by reference.

        11.      As additional security for Borrower's obligations under the Loan Agreement, Note and Mortgage, Arthur Spitzer ("Spitzer", or "Guarantor") executed and delivered to Lending a Guaranty dated August 1, 2019 in the original principal amount of $427,000 (the

"Guaranty"). Servicer Affidavit, ¶7. A true and correct copy of the Guaranty is attached to the Servicer Affidavit as Exhibit "H" and is incorporated herein by reference.

12. As of September 7, 2020, the Loan was in default for Borrower's and Guarantor's failure to timely make all of the required monthly payments, from and including the payment that came due on March 1, 2020, and the Loan matured, according to its terms, on September 1, 2020. Servicer Affidavit, ¶8.

13. As a result of the aforesaid default, Movant filed a Complaint in Mortgage Foreclosure in the Foreclosure Unit for the Superior Court of New Jersey on September 18, 2020 at No. F-008242-20 (the "Foreclosure Action"). A lis pendens was recorded against the Property on September 29, 2020 at Instrument No. 2020109505, Book 18077 Page 153. After service of the Complaint, on August 24, 2021, the State Court entered a default against the Debtor and Spitzer. Final Judgment was entered in the Foreclosure Action on November 10, 2021 (the "Foreclosure Judgment"), a Writ of Execution was issued, and a Sheriff's Sale of the Property was initially scheduled for March 29, 2022 (the "Sheriff's Sale"). The Debtor utilized its two continuances of right under New Jersey law to continue the Sheriff's Sale to July 5, 2022, at 2:00 p.m., and on June 29, 2022, advised Movant's counsel of Debtor's intent to seek bankruptcy protection prior to the Sheriff's Sale on July 5, 2022. The Involuntary Petition was, in fact, filed at 12:57 p.m., on July 5, 2022, and the Sheriff's Sale has been placed on "bankruptcy hold" by the Sheriff's Office. Servicer Affidavit, ¶9.

14. As a result of the aforesaid defaults, Movant also filed a Complaint against the Debtor and Spitzer in the Superior Court of New Jersey for Ocean County on the Note and Guaranty, on on September 29, 2021, at L-002521-21, which remains pending as of the Petition Date (the "Note/Guaranty Action"). Servicer Affidavit, ¶10.

5

B. **Adequate Protection Issues**.

15. The Foreclosure Action and the Note/Guaranty Action have been stayed by the filing of the Involuntary Petition. Servicer Affidavit, ¶11.

16. The Loan fully matured, without acceleration on September 1, 2020, more than 22 months ago. Servicer Affidavit, ¶12.

17. Movant has received no payments on the Loan since its maturity date, with post-maturity interest payments due for March 1, 2020 and thereafter, in addition to the total principal balance. Nor has the Debtor contacted Movant since the Petition Date to propose making any such payments. Servicer Affidavit, ¶13.

18. The Debtor is not known to be maintaining contractually-required fire, casualty and general liability insurances on the Property which properly identify Movant as the mortgagee and lender-loss payee, exposing Movant to risk of uninsured fire or other casualty at the Property. As a consequence, Movant has been compelled to force-place its own insurance on the Property. Servicer Affidavit, ¶14.

19. On July 3, 2022, Movant obtained a title search from National Integrity Title Agency (the "Title Report"), which indicates that the Debtor has failed to pay real estate and school taxes assessed against the Property on a current basis: a Tax Sale Certificate dated October 21, 2020, was been recorded in favor of Christiana T C/F CE1/FIRSTR BK on December 24, 2020, in Book 18225, Page 648, in the amount of $2,889.68; (b) unpaid taxes for 2021 total $46.40, plus interest and penalties; and (c) unpaid taxes for the first and second quarters of 2022 total $5,188.35, plus interest and penalties. Servicer Affidavit, ¶15. A true and correct copy of the Title Report is attached to the Servicer Affidavit as Exhibit "I" and is incorporated herein by reference.

20. The Property is a single-family dwelling. Movant has learned through its Foreclosure Action that there is/are a tenant/tenants in the Property, and that the prior owners of the Property, from whom the Debtor acquired it, Aharon Braun, Rivka Braun (the "Braun's"), contend that they were defrauded of title to the Property by Spitzer, and the matter is currently under investigation by law enforcement authorities. Further, the Braun's have intervened in the Foreclosure Action, and filed a Notice of Appeal from the Foreclosure Judgment, which was pending as of the Petition Date. Servicer Affidavit, ¶16.

21. The Debtor and Spitzer have failed to account for any rents collected from the Property's tenant(s) (collectively, the "Tenants"), and have not been applying those rents to their obligations under the Note and Mortgage, and are believed to be applying them instead to other purposes, in fraud of Movant's security interest in the rents generated by the Property. Servicer Affidavit, ¶17.

22. The Property is not the only distressed commercial property with which Spitzer is involved, and which are also in foreclosure. Others are identified by record owner and address as follows: 624 15 LLC, 624 15th Ave., Newark, NJ 07103; 1567 56 NY LLC, 1569 56th St, Brooklyn, NY 11219; 1567 56 NY LLC 1567 56th St, Brooklyn, NY 11219; and Sunset 106 LLC, 465 Ferry LLC, 465-467 Ferry Street, Newark, NJ 07106. Additional distressed properties now or formerly owned by another Spitzer-owned company, 10 PCKG LLC, included 96 N. Maple Ave, East Orange, NJ 07017, 808 South 14th Street Newark, NJ 07108 and 20 Girard Avenue, East Orange, NJ 07017. 10 PCKG LLC filed a voluntary chapter 11 petition filed in the Newark Vicinage, at Case No. 22-10817, which was dismissed on Movant's motion by Order entered May 4, 2022. Spitzer is the managing member of each of the aforesaid companies. Servicer Affidavit, ¶18.

7

23. As per the Servicer Affidavit, ¶19, Movant's most recent appraisal indicates that the as-is fair market value of the Property is $740,000.00, based on that certain broker's price opinion performed by Yosef Beane, of KeyPoint Realty, dated March 3, 2022 (the "Appraisal"), a true and correct copy of which is attached to the Servicer Affidavit as Exhibit "J" and is incorporated herein by reference.

24. As of the Petition Date, the following sums were due under the Note, Mortgage and Guaranty:

| | |
|---|---|
| Principal: | $427,000.00 |
| Accrued Interest 2/1/2020 to 7/5/2020 at the rate of 10.0% *per annum*: | 103,666.01 |
| Un-accrued Balance of Default Interest from 3/2/2020 to 7/5/2020: | 49,994.68 |
| Late Charges: | 711.68 |
| Unpaid Loan Charges or Advances: | 48,846.21 |
| Estimated Payoff Charges: | 155.00 |
| **TOTAL PAYOFF:** | **$630,373.58** |

Plus additional daily interest accruing after 7/5/2020 at the rate of 15.0% *per annum*, or $187.24 *per diem*, and such additional fees and costs, including, without limitation, attorney's fees and costs, as are incurred and allowed by the terms of the loan documents and applicable law.

Servicer Affidavit, ¶20.

25. Comparing the combined debt outstanding under the Mortgage ($630,373.58), and taxes ($8,124.43), and the fair market value of the Property ($740,000.00), it appears that the maximum equity in the Property would have been $101,501.99 as of the Petition Date, which continues to erode as additional interest and taxes accrue, and may ultimately be subject to the Braun's claims as well, so that there is no equity in the Property for the benefit of the Debtor or its estate. Servicer Affidavit, ¶21.

26. The Involuntary Petition was filed by an associate of the Debtor's principal, namely, his property manager, in bad faith, to enable the Debtor to sidestep engaging counsel to file a voluntary bankruptcy petition, and thus for the sole purpose of hindering and delaying Movant in the exercise of its contractual remedies under its Loan Documents. Moreover, the Debtor lacks any ability to successfully reorganize within a reasonable period of time, or even liquidate the estate for the benefit of other creditors. Servicer Affidavit, ¶22.

27. Accordingly, Movant can only protect its interest in the Property by continuing with its Sheriff's Sale of the Property. Servicer Affidavit, ¶23.

28. Accordingly, the Property is not necessary to the Debtor's reorganization.

29. Notably, although a Summons has been issued requiring the Debtor to file a response by July 26, 2022, no response has been filed.

### III.  RELIEF REQUESTED.

#### A.  Motion for Adequate Protection Pursuant to 11 U.S.C. § 361(2).

30. Paragraphs 1 through 29 above are incorporated herein by reference.

31. The Movant's secured claims continue to accrue interest at the rate of fifteen percent (15%) *per annum*, or $187.24 *per diem*, and the only way to adequately protect the Movant's interests in the Property is for the Debtor to immediately commence making regular monthly payments to the Movant in such amount, and maintaining insurance coverage and providing such proof of insurance on the Property as is required under the Loan Documents, and specifically identifying Movant as the mortgagee and lender-loss payee.

32. Such adequate protection payments and proof of current insurance should be made an express condition precedent to any continuation of the automatic stay, or to the Debtor's use of such Cash Collateral as it may generate.

**WHEREFORE**, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, respectfully requests that this Honorable Court enter an Order or Orders directing the Debtor to immediately commence making regular monthly payments to US Bank Trust by way of adequate protection, in an amount equal to the monthly interest accruing on the principal balances of the Mortgages at applicable default rate of interest (fifteen percent (15%) *per annum*), or $187.24 *per diem*, and providing proof of current insurance on the Property reflecting US Bank Trust as mortgagee and lender-loss payee, and conditioning any continuation of the automatic stay and/or the Debtor's use of cash collateral upon the provision of such adequate protection.

### B. Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1), (d)(2).

33. Paragraphs 1 through 32 above are incorporated herein by reference.

34. The Loan fully matured on September 1, 2020, without acceleration, and no payments have been received since then.

35. Debtor has failed to provide or even offer adequate protection of the Movant's security interests and liens in the Property and Cash Collateral.

36. It appears that what little equity in the Property the Debtor might have, and Movant's security interests therein, are not being adequately protected, because the value of the Property is subject to erosion by a mix of interest and tax accruals.

10

37. For the foregoing reasons, cause exists under 11 U.S.C. §362(d)(1) for granting the Movant's request for relief from stay, including a lack of adequate protection, and the fact that the Petition was filed in bad faith, without any prospects for a successful reorganization within a reasonable period of time.

38. Cause also exists for granting the Movant's request for relief from stay under 11 U.S.C. §362(d)(2) to the extent that the Debtor has little or no equity in the Property, and because there are no reasonable prospects of a successful reorganization within a reasonable period of time, the Property is not necessary to an effective reorganization.

39. The grounds referred to above constitute sufficient cause for lifting the automatic stay with respect to the Movant to permit it to proceed with enforcement of its rights and remedies under its Loan Documents and applicable law.

**WHEREFORE**, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, respectfully requests that this Honorable Court enter an Order or Orders granting relief from the automatic stay, so as to enable it to proceed with the exercise of its available rights and remedies under the Loan Documents, including, without limitation, continuing with its execution on the Foreclosure Judgment and Sheriff's Sale of the Property, and the prosecution of its Note/Guaranty Action to final judgment, and execution on such further judgments as may be entered in the Foreclosure Action and/or Note/Guaranty Action, and applying any proceeds received against the Loan balances due.

### C.  Motion to Prohibit or Condition Use of Cash Collateral and/or for Adequate Protection Pursuant to 11 U.S.C. §363(c)(2) and (e).

40. Paragraphs 1 through 39 above are incorporated herein by reference.

41. To the extent that the Debtor conducts business operations at the Property post-petition, any proceeds derived by from their rental will constitute the Movant's "cash collateral" as defined in 11 U.S.C. §363(a) ("Cash Collateral").

42. Pursuant to 11 U.S.C. §363(c)(2), the Debtor cannot use the Movant's Cash Collateral without its consent, or authorization from the Court, which, in turn, entitles the Movant to adequate protection of its interests therein pursuant to 11 U.S.C. §363(e).

43. The Movant does not consent to the Debtor's use of Cash Collateral.

**WHEREFORE**, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, respectfully requests that this Honorable Court enter an Order or Orders prohibiting the Debtor from using Cash Collateral, without providing adequate protection of US Bank Trust's interests therein.

### D. Motion for Dismissal of Case Pursuant to 11 U.S.C. §707(a)(1).

44. Paragraphs 1 through 43 above are incorporated herein by reference.

45. The Petition was filed in bad faith and to hinder or delay Movant in the exercise of its rights and remedies under the Loan Documents.

46. Permitting the chapter 7 case to continue would result in continuing loss to or diminution of the estate, and there is no reasonable likelihood of the Debtor's reorganization or any distribution to unsecured creditors. It would also result in unreasonable delay prejudicial to the Debtor's creditors.

47. For the foregoing reasons, "cause" exists under 11 U.S.C. §707(a)(1) for dismissal of this Bankruptcy Case.

**WHEREFORE**, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, respectfully requests that this Honorable Court enter an Order or Orders dismissing the Debtor's Bankruptcy Case for cause.

**FURTHERMORE,** U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, respectfully requests that the Court enter an Order or Orders granting such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

**CHARTWELL LAW**

Dated: July 26, 2022

By: /s/ John J. Winter
    John J. Winter, Esq.  (JW-043481990)
    Robert J. Murtaugh, Esq. (RM-007812001)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone (610) 666-7700 / Fax: (610) 666-7704
E-mail: jwinter@chartwelllaw.com
       rmurtaugh@chartwelllaw.com
*(Attorneys for PS Funding, Inc. and for*
*U.S. Bank Trust National Association, not in its*
*individual capacity but solely as owner trustee of*
*LH-NP-Strat Delaware Owner Trust,*
*a Delaware statutory trust)*