PS Funding\138 Nobility Court - 138 Nobility LLC\Motion for Relief from Automatic Stay - Certification

**CHARTWELL LAW**
John J. Winter, Esquire (JW-043481990)
Robert J. Murtaugh, Esquire (RM-007812001)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-7700
Attorneys for U.S. Bank Trust National Association,
as Owner Trustee of LH-NP-STRAT Delaware Owner
Trust, a Delaware Statutory Trust

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| **138 NOBILITY LLC,** | : DISTRICT OF NEW JERSEY |
| Debtor. | : Trenton Vicinage |
| | : Chapter 7 Case No. 22-15395-KCF |
| **US BANK TRUST NATIONAL ASSOCIATION, not in its Individual Capacity but Solely as Owner Trustee of LH-NP-STRAT Delaware Owner Trust, a Delaware Statutory Trust,** | : |
| | : Hearing Date: August 23, 2022, 10:00 A.M. |
| Movant, | : Responses Due: August 16, 2022 |
| v. | : Oral Argument Requested if Opposed |
| **138 NOBILITY LLC,** | : |
| Respondent. | : |

**CERTIFICATION OF BRETT PEIFFER IN SUPPORT OF MOTION, ALTERNATIVELY, FOR ADEQUATE PROTECTION, RELIEF FROM THE AUTOMATIC STAY, TO PROHIBIT OR CONDITION USE OF CASH COLLATERAL, OR DISMISSAL OF CASE, PURSUANT TO 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) AND (e), AND 707(a)(1), FILED ON BEHALF OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF <u>LH-NP-STRAT DELAWARE OWNER TRUST, A DELAWARE STATUTORY TRUST</u>**

I, Brett Peiffer, of full age, hereby certify the following to be true:

1. I am a Senior Director of Asset Management of PS Funding, Inc. ("PSF"), an authorized signatory of U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee of LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust ("US Bank Trust"), and as such am duly authorized to make this Certification on the US Bank Trust's

1

behalf. I submit this Certification in support of PSF's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§105(a), 362(d)(1), and (d)(2), Etc.

2. I am fully familiar with PSF's books and records, and its business as concerns this matter.

A. **Movant's Loan**.

3. On August 1, 2019, pursuant to a "Loan Agreement" dated August 1, 2019 (the "Loan Agreement"), Debtor borrowed the principal amount of $427,000 (the "Loan") from 703 Funding A LLC, a New York limited liability company ("Funding", or "Lender"). As evidence of its obligation to repay the Loan, Debtor executed and delivered to Lender its "Note" dated August 1, 2019 in the original principal amount of $427,000 (the "Note"). True and correct copies of the Loan Agreement and Note are attached hereto as Exhibits "A" and "B", respectively, and are incorporated herein by reference.

4. The Note provided for the accrual of interest on the principal balance at the rate of 10.0% *per annum*, a one (1) year term, and a maturity date of September 1, 2020, and required regular monthly payments of interest on the first day of each month, beginning with the first payment due on October 1, 2019, each in the amount of $3,558.33, and a final payment of all outstanding principal, accrued interest, fees and costs on September 1, 2020. The Note also provided for a late charge of 5.0% of each payment not received within 15 calendar days of its due date, and a default rate of interest at the rate of 15.0% *per annum*.

5. By Allonge to the Note dated August 15, 2019, Lender assigned the Loan and Note to PS Funding, Inc., a Delaware corporation (the "First Allonge"). By Allonge to the Note dated July 31, 2020, PS Funding, Inc. assigned the Note to U.S. Bank National Association, not in its individual capacity but solely as owner trustee for LH-NP-Strat Delaware Owner Trust, a

2

Delaware statutory trust (the "Second Allonge"). True and correct copies of the First Allonge and Second Allonge are attached hereto as Exhibits "C" and "D", respectively, and are incorporated herein by reference.

6. To secure its obligations under the Loan Agreement and Note, Debtor executed and delivered to Funding a "Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing", dated August 1, 2019 in the original principal amount of $427,000, against its real property located at 138 Nobility Ct., Toms River, NJ 08755 (Ocean County Block 124, Lot 1.13) (the "Property"), which was duly recorded in the Office of the Ocean County Clerk on August 14, 2019 at Instrument No. 2019079083, OR Bk 17571 Pg 654 (the "Mortgage"). By Assignment of Mortgage dated August 15, 2019, Lender assigned the Mortgage to PS Funding, Inc., which was recorded on October 21, 2019 at Instrument No. 2019105429, Assignment Book 17650, Page 83 (the "First Assignment"). By Assignment of Mortgage dated July 31, 2020, PS Funding, Inc. assigned the Mortgage to U.S. Bank National Association, not in its individual capacity but solely as owner trustee for LH-NP-Strat Delaware Owner Trust, a Delaware statutory trust, which was recorded on August 3, 2020 at CFN No. 2020081833, Assignment Book 17991, Page 853 (the "Second Assignment"). True and correct copies of the Mortgage, First Assignment and Second Assignment are attached to the Servicer Affidavit as Exhibits "E", "F" and "G", respectively, and are incorporated herein by reference.

7. As additional security for Debtor's obligations under the Loan Agreement, Note and Mortgage, Arthur Spitzer ("Spitzer", or "Guarantor") executed and delivered to Lending a Guaranty dated August 1, 2019 in the original principal amount of $427,000 (the "Guaranty"). Servicer Affidavit, ¶7. A true and correct copy of the Guaranty is attached hereto as Exhibit "H" and is incorporated herein by reference.

3

8. As of September 7, 2020, the Loan was in default for Debtor's and Guarantor's failure to timely make all of the required monthly payments, from and including the payment that came due on March 1, 2020, and the Loan matured, according to its terms, on September 1, 2020.

9. As a result of the aforesaid default, Movant filed a Complaint in Mortgage Foreclosure in the Foreclosure Unit for the Superior Court of New Jersey on September 18, 2020 at No. F-008242-20 (the "Foreclosure Action"). A lis pendens was recorded against the Property on September 29, 2020 at Instrument No. 2020109505, Book 18077 Page 153. After service of the Complaint, on August 24, 2021, the State Court entered a default against the Debtor and Spitzer. Final Judgment was entered in the Foreclosure Action on November 10, 2021 (the "Foreclosure Judgment"), a Writ of Execution was issued, and a Sheriff's Sale of the Property was initially scheduled for March 29, 2022 (the "Sheriff's Sale"). The Debtor utilized its two continuances of right under New Jersey law to continue the Sheriff's Sale to July 5, 2022, at 2:00 p.m., and on June 29, 2022, advised Movant's counsel of Debtor's intent to seek bankruptcy protection prior to the Sheriff's Sale on July 5, 2022. The Involuntary Petition was, in fact, filed at 12:57 p.m., on July 5, 2022, and the Sheriff's Sale has been placed on "bankruptcy hold" by the Sheriff's Office.

10. As a result of the aforesaid defaults, Movant also filed a Complaint against the Debtor and Spitzer in the Superior Court of New Jersey for Ocean County on the Note and Guaranty, on on September 29, 2021, at L-002521-21, which remains pending as of the Petition Date (the "Note/Guaranty Action").

B. **Adequate Protection Issues**.

11.     The Foreclosure Action and the Note/Guaranty Action have been stayed by the filing of the Involuntary Petition.

12.     The Loan fully matured, without acceleration on September 1, 2020, more than 22 months ago.

13.     Movant has received no payments on the Loan since its maturity date, with post-maturity interest payments due for March 1, 2020 and thereafter, in addition to the total principal balance.  Nor has the Debtor contacted Movant since the Petition Date to propose making any such payments.

14.     The Debtor is not known to be maintaining contractually-required fire, casualty and general liability insurances on the Property which properly identify Movant as the mortgagee and lender-loss payee, exposing Movant to risk of uninsured fire or other casualty at the Property.  As a consequence, Movant has been compelled to force-place its own insurance on the Property.

15.     On July 3, 2022, Movant obtained a title search from National Integrity Title Agency (the "Title Report"), which indicates that the Debtor has failed to pay real estate and school taxes assessed against the Property on a current basis: a Tax Sale Certificate dated October 21, 2020, was been recorded in favor of Christiana T C/F CE1/FIRSTR BK on December 24, 2020, in Book 18225, Page 648, in the amount of $2,889.68; (b) unpaid taxes for 2021 total $46.40, plus interest and penalties; and (c) unpaid taxes for the first and second quarters of 2022 total $5,188.35, plus interest and penalties.  A true and correct copy of the Title Report is attached hereto as Exhibit "I" and is incorporated herein by reference.

16. The Property is a single-family dwelling. Movant has learned through its Foreclosure Action that there is/are a tenant/tenants in the Property, and that the prior owners of the Property, from whom the Debtor acquired it, Aharon Braun, Rivka Braun (the "Braun's"), contend that they were defrauded of title to the Property by Spitzer, and the matter is currently under investigation by law enforcement authorities. Further, the Braun's have intervened in the Foreclosure Action, and filed a Notice of Appeal from the Foreclosure Judgment, which was pending as of the Petition Date.

17. The Debtor and Spitzer have failed to account for any rents collected from the Property's tenant(s) (collectively, the "Tenants"), and have not been applying those rents to their obligations under the Note and Mortgage, and are believed to be applying them instead to other purposes, in fraud of Movant's security interest in the rents generated by the Property.

18. The Property is not the only distressed commercial property with which Spitzer is involved, and which are also in foreclosure. Others are identified by record owner and address as follows: 624 15 LLC, 624 15th Ave., Newark, NJ 07103; 1567 56 NY LLC, 1569 56th St, Brooklyn, NY 11219; 1567 56 NY LLC 1567 56th St, Brooklyn, NY 11219; and Sunset 106 LLC, 465 Ferry LLC, 465-467 Ferry Street, Newark, NJ 07106. Additional distressed properties now or formerly owned by another Spitzer-owned company, 10 PCKG LLC, included 96 N. Maple Ave, East Orange, NJ 07017, 808 South 14th Street Newark, NJ 07108 and 20 Girard Avenue, East Orange, NJ 07017. 10 PCKG LLC filed a voluntary chapter 11 petition filed in the Newark Vicinage, at Case No. 22-10817, which was dismissed on Movant's motion by Order entered May 4, 2022. Spitzer is the managing member of each of the aforesaid companies. Servicer Affidavit, ¶18.

19. Movant's most recent appraisal indicates that the as-is fair market value of the Property is $740,000.00, based on that certain broker's price opinion performed by Yosef Beane, of KeyPoint Realty, dated March 3, 2022 (the "Appraisal"), a true and correct copy of which is attached hereto as Exhibit "J" and is incorporated herein by reference.

20. As of the Petition Date, the following sums were due under the Note, Mortgage and Guaranty:

| | |
|---|---:|
| Principal: | $427,000.00 |
| Accrued Interest 2/1/2020 to 7/5/2020 at the rate of 10.0% *per annum*: | 103,666.01 |
| Un-accrued Balance of Default Interest from 3/2/2020 to 7/5/2020: | 49,994.68 |
| Late Charges: | 711.68 |
| Unpaid Loan Charges or Advances: | 48,846.21 |
| Estimated Payoff Charges: | 155.00 |
| **TOTAL PAYOFF:** | **$630,373.58** |

Plus additional daily interest accruing after 7/5/2020 at the rate of 15.0% *per annum*, or $187.24 *per diem*, and such additional fees and costs, including, without limitation, attorney's fees and costs, as are incurred and allowed by the terms of the loan documents and applicable law.

21. Comparing the combined debt outstanding under the Mortgage ($630,373.58), and taxes ($8,124.43), and the fair market value of the Property ($740,000.00), it appears that the maximum equity in the Property would have been $101,501.99 as of the Petition Date, which continues to erode as additional interest and taxes accrue, and may ultimately be subject to the Braun's claims as well, so that there is no equity in the Property for the benefit of the Debtor or its estate.

22. The Involuntary Petition was filed by an associate of the Debtor's principal, namely, his property manager, in bad faith, to enable the Debtor to sidestep engaging counsel to file a voluntary bankruptcy petition, and thus for the sole purpose of hindering and delaying

Movant in the exercise of its contractual remedies under its Loan Documents. Moreover, the Debtor lacks any ability to successfully reorganize within a reasonable period of time, or even liquidate the estate for the benefit of other creditors.

23. Accordingly, Movant can only protect its interest in the Property by continuing with its Sheriff's Sale of the Property.

24. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**PS Funding, Inc.**

Dated: July 22, 2022

By: /s/ Brett Peifferp
Brett Peiffer, Senior Director, Asset Management
Authorized Signatory

8