# EXHIBIT "H"

## GUARANTY

**PROPERTY ADDRESS: 138 Nobility Ct, Toms River, NJ 08755**

This GUARANTY dated as of August 1, 2019 (this "Guaranty"), is made by ARTHUR SPITZER, an individual resident of New York("Guarantor"), in favor of 703 FUNDING A LLC, a New York limited liability company, as lender under the Note (as defined below) (together with its successors and assigns, collectively, "Lender").

WITNESSETH:

WHEREAS, Lender is making a loan to 138 NOBILITY LLC, a New Jersey limited liability company ("Borrower") in the original principal amount of Four Hundred Twenty Seven Thousand and 0/100 Dollars ($427,000.00) (the "Loan") as evidenced by (i) that certain promissory note dated the date hereof, executed by Borrower and made payable to the order of Lender in the amount of the Loan (as amended, restated, replaced, supplemented or otherwise modified from time to time, the "Note") and (ii) that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated the date hereof, by Borrower in favor of Lender (as amended, restated, replaced, supplemented or otherwise modified from time to time, the "Security Instrument"). The Note and the Security Instrument, together with all riders thereto and related certificates and ancillary documents, are collectively referred to herein as the "Loan Documents".

WHEREAS, pursuant to the Security Instrument, Borrower's obligations under the Loan Documents will be secured by, among other things, the real property described in the Security Instrument (collectively, the "Property").

WHEREAS, Guarantor is a direct or indirect owner of an equity interest in Borrower, and accordingly will derive material direct and indirect financial and other benefits from the transactions contemplated by the Note and the other Loan Documents.

WHEREAS, to induce Lender to make the Loan, Guarantor has agreed to execute and deliver this Guaranty.

NOW, THEREFORE, in consideration of the covenants set forth in this Guaranty, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree, represent and warrant as follows:

ARTICLE 1

NATURE AND SCOPE OF GUARANTY

Section 1.1    Guaranty of Obligation. Guarantor hereby irrevocably and unconditionally guarantees the due and prompt payment and performance in full when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, of the following (the "Guaranteed Obligations"):

(a) the principal of, interest on, and all other amounts due at any time under the Note or any other Loan Document, including prepayment penalties, late payment charges, interest charged at the default rate (if applicable), and accrued interest as provided in the Loan Documents (including interest that may accrue during the pendency of any proceeding under Bankruptcy Laws as described below), advances, costs and expenses to perform the obligations of Borrower or to protect the Property or the security of the Security Instrument;

(b) all other covenants, agreements, liabilities, obligations (including indemnity obligations and any other monetary obligations) of Borrower under the Loan Documents; and

(c) all expenses and costs, including reasonable attorneys' fees and expenses, fees and out-of-pocket expenses of expert witnesses and costs of investigation, incurred by Lender as a result of any default under the Loan Documents or in connection with efforts to collect any amount due under the Loan Documents, or to enforce the provisions of the Loan Documents, including those incurred in post-judgment collection efforts and in any bankruptcy or insolvency proceeding or any judicial or non-judicial foreclosure proceeding or other exercise by Lender of its rights and remedies under any Loan Document or any transfer in lieu of foreclosure (a "<u>Foreclosure Event</u>"), including any action for relief from the automatic stay of any bankruptcy proceeding or Foreclosure Event, to the extent permitted by law.

Without limiting the generality of the foregoing, Guarantor's liability shall extend to all amounts that constitute part of the Guaranteed Obligations and would be owed by Borrower to Lender under the Loan Documents but for the fact that they are unenforceable or not allowable due to the existence of a proceeding under Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as the same may be amended from time to time, and any successor statute or statutes and all rules and regulations from time to time promulgated thereunder, and any comparable foreign laws relating to bankruptcy, insolvency or creditors' rights or any other Federal or state bankruptcy or insolvency law (collectively, "<u>Bankruptcy Laws</u>").

Section 1.2    <u>Nature of Guaranty.</u> Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable for the Guaranteed Obligations as a primary obligor. This Guaranty is an irrevocable, absolute, unconditional, continuing guaranty of payment and performance and not merely a guaranty of collection. This Guaranty may not be revoked by Guarantor and shall continue to be effective with respect to any Guaranteed Obligations arising or created after any attempted revocation by Guarantor. If Guarantor is a married person, and the state of residence of Guarantor or Guarantor's spouse is a community property jurisdiction, Guarantor agrees that Lender may satisfy Guarantor's obligations under this Guaranty to the extent of all of Guarantor's separate property and Guarantor's interest in any community property.

Section 1.3    <u>Survival of Guaranty.</u> This Guaranty is a continuing guaranty and shall remain in full force and effect until the repayment and performance in full of the Guaranteed Obligations (subject to Section 1.8). The obligations of Guarantor under this Guaranty shall survive any Foreclosure Event, and any release or reconveyance of the Security Instrument or any release of any other security or guaranty for the Loan.

Section 1.4    <u>Obligations Unsecured.</u> The obligations of Guarantor under this Guaranty shall not be secured by the Security Instrument or the other Loan Documents and shall not be obligations of Borrower notwithstanding anything to the contrary in any other Loan Document.

Section 1.5    <u>Payment by Guarantor.</u> If all or any part of the Guaranteed Obligations is or shall give rise to a monetary obligation, and such monetary obligation shall not be punctually paid when due, Guarantor shall, immediately upon demand by Lender, and without presentment, protest, notice of protest, notice of non-payment, notice of intention to accelerate the maturity, notice of acceleration of the maturity, or any other notice whatsoever, pay in lawful money of the United States, the amount due on the Guaranteed Obligations to Lender at Lender's address as set forth in such demand. Such demand(s) may be made at any time coincident with or after the time for payment of the Guaranteed Obligations.

Section 1.6    <u>No Duty to Pursue Others.</u> It shall not be necessary for Lender (and Guarantor hereby waives any rights which it may have to require Lender), in order to enforce the obligations of Guarantor hereunder, first to (a) make any demand upon or institute suit or exhaust its remedies against Borrower or others liable for amounts due under the Guaranteed Obligations or any other person or entity, (b) institute suit or exhaust its remedies with respect to the Guaranteed Obligations or any person or entity, (c) enforce Lender's rights against any collateral which shall ever have been given to secure any of the Guaranteed Obligations, (d) enforce Lender's rights against any other guarantor of the Guaranteed Obligations, (e) join Borrower or any others liable on the Guaranteed Obligations in any action seeking to enforce this Guaranty or (f) resort to any other means of obtaining payment of the Guaranteed Obligations. Lender shall not be required to mitigate damages or take any other action to reduce, collect or enforce the Guaranteed Obligations.

Section 1.7    <u>Payment of Expenses.</u> Guarantor shall, immediately upon demand by Lender, pay all reasonable costs and out-of-pocket expenses (including court costs and attorneys' fees, disbursements, costs and expenses) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder and any and all damages, losses, claims, liabilities and related reasonable costs and out-of-pocket expenses, including court costs and attorneys' fees, disbursements, costs and expenses incurred by Lender arising from any breach or failure to timely perform any provisions of this Guaranty by Guarantor.

Section 1.8    <u>Reinstatement.</u> In the event that, pursuant to any controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions (collectively, "<u>Applicable Law</u>"), including any Bankruptcy Law, or any judgment, order or decision thereunder, Lender must rescind or restore any payment, or any part thereof, received by Lender in satisfaction of the Guaranteed Obligations (including pursuant to any settlement entered into by Lender in its discretion), or if Lender elects to do so upon the advice of its counsel, then all obligations under this Guaranty in respect of such payment shall automatically be reinstated as though such payment had been due but not made and shall remain in full force and effect and any prior release or discharge from the terms of this Guaranty given to Guarantor shall be without effect. It is the intention of Lender and Guarantor that Guarantor's obligations hereunder shall not be discharged except by its performance of such obligations and then only to the extent of such performance.

## ARTICLE 2

### EVENTS AND CIRCUMSTANCES NOT REDUCING OR DISCHARGING GUARANTOR'S OBLIGATIONS

Section 2.1   Events and Circumstances.  Guarantor hereby consents and agrees to each of the following, and agrees that Guarantor's obligations under this Guaranty shall not be released, diminished, impaired, reduced or adversely affected by any of the following, and waives any common law, equitable, statutory or other rights (including rights to notice) that Guarantor might otherwise have as a result of or in connection with any of the following:

(a)   Modifications.  Any renewal, extension, increase, modification, alteration or rearrangement of all or any part of the Guaranteed Obligations, the Loan Documents, or any other document, instrument, contract or understanding between Borrower or Guarantor and Lender, or any other person or entity, pertaining to the Guaranteed Obligations or any failure of Lender to notify Guarantor of any such action.

(b)   Adjustment.  Any adjustment, indulgence, forbearance or compromise that might be granted or given by Lender to Borrower or Guarantor.

(c)   Financial Condition.  The commencement, filing or continuation of any voluntary or involuntary bankruptcy, insolvency, reorganization, arrangement, readjustment, assignment for the benefit of creditors, composition, receivership, liquidation, marshaling of assets and liabilities or similar events or proceedings with respect to Borrower, Guarantor or any other person or entity, or any of their respective property or creditors or any action taken by any trustee or receiver or by any court in such proceeding; or the making of a general assignment for the benefit of creditors by Borrower, Guarantor or any other person or entity; or any sale, lease or transfer of any or all of the assets of Borrower, Guarantor or any other person or entity.

(d)   Invalidity of Guaranteed Obligations.  The invalidity, illegality or unenforceability of all or any part of the Guaranteed Obligations, or any document or agreement executed in connection with the Guaranteed Obligations, for any reason whatsoever, including the fact that (a) the Guaranteed Obligations, or any part thereof, exceeds the amount permitted by law, (b) the act of creating the Guaranteed Obligations or any part thereof is ultra vires, (c) the officers or representatives executing the Loan Documents or otherwise creating the Guaranteed Obligations acted in excess of their authority, (d) the Guaranteed Obligations violate applicable usury laws, (e) Borrower has valid defenses, claims or offsets (whether at law, in equity or by agreement) which render the Guaranteed Obligations wholly or partially unenforceable or uncollectible from Borrower, other than payment and performance in full of the Guaranteed Obligations, (f) the creation, performance or repayment of the Guaranteed Obligations (or the execution, delivery and performance of any document or instrument representing part of the Guaranteed Obligations or that was executed in connection with the Guaranteed Obligations, or given to secure the repayment of the Guaranteed Obligations) is illegal, uncollectible or unenforceable, or (g) the Loan Documents have been forged or otherwise are irregular or not genuine or authentic, it being agreed

that Guarantor shall remain liable hereon regardless of whether Borrower or any other person or entity be found not liable on the Guaranteed Obligations or any part thereof for any reason.

(e)    Release of Liability. Any full or partial release of the liability of Borrower on the Guaranteed Obligations, or any part thereof, or of any co-guarantors, or any other person or entity now or hereafter liable therefor, whether directly or indirectly, jointly, severally, or jointly and severally, to pay, perform, guarantee or assure the payment of the Guaranteed Obligations, or any part thereof, it being acknowledged and agreed by Guarantor that (a) Guarantor may be required to pay the Guaranteed Obligations in full without assistance or support of Borrower or any other person or entity and (b) Guarantor has not been induced to enter into this Guaranty on the basis of a contemplation, belief, understanding or agreement that any other person or entity will be liable to pay or perform the Guaranteed Obligations, or that Lender will look to any other person or entity to pay or perform the Guaranteed Obligations.

(f)    Other Collateral. The taking or accepting of any other security, collateral or guaranty, or other assurance of payment, for all or any part of the Guaranteed Obligations.

(g)    Release of Collateral. Any release, surrender, exchange, subordination, deterioration, waste, loss or impairment (including negligent, willful, unreasonable or unjustifiable impairment) of any collateral, property or security at any time existing in connection with, or assuring or securing payment of, all or any part of the Guaranteed Obligations, or any failure to perfect a lien in any collateral.

(h)    Care and Diligence. The failure of Lender or any other person or entity to exercise diligence or reasonable care in the enforcement of its rights under the Loan Documents or the preservation, protection, enforcement, sale or other handling or treatment of all or any part of any collateral, property or security, including but not limited to any neglect, delay, omission, failure or refusal of Lender (a) to take or prosecute any action for the enforcement or collection of any of the Guaranteed Obligations or (b) to foreclose, or initiate any action to foreclose, or, once commenced, prosecute to completion any action to foreclose upon any security therefor, or (c) to take or prosecute any action in connection with any instrument or agreement evidencing or securing all or any part of the Guaranteed Obligations.

(i)    Unenforceability. The fact that any collateral, security, security interest or lien contemplated or intended to be given, created or granted as security for the repayment of the Guaranteed Obligations, or any part thereof, shall not be properly perfected or created, or shall prove to be unenforceable or subordinate to any other security interest or lien, it being acknowledged and agreed by Guarantor that it is not entering into this Guaranty in reliance on, or in contemplation of the benefits of, the validity, enforceability, collectability or value of any of the collateral for the Guaranteed Obligations or the priority of any security interest or lien therein.

(j)    Offset. Any existing or future offset, claim or defense of Borrower, Guarantor or any other person or entity, against Lender, Borrower or any other person or entity or against payment or performance of the Guaranteed Obligations, whether such offset, claim or defense arises in connection with the Guaranteed Obligations (or the transactions creating the Guaranteed

Obligations) or otherwise, other than the payment and performance of the Guaranteed Obligations in full.

(k) <u>Compliance with Loan Documents</u>. Any failure, omission or delay on the part of Borrower, Guarantor, any other guarantor of the Guaranteed Obligations or Lender to conform or comply with any term of any of the Loan Documents.

(l) <u>Corporate Events</u>. The reorganization, merger or consolidation of Borrower into or with any other person or entity; or any dissolution of Borrower or any other entity; or any changes in the shareholders, partners or members of Borrower or any other person or entity; or any reorganization of Borrower or any other person or entity; or any other change in the relationship between Borrower, Guarantor or any other guarantor of the Guaranteed Obligations, or any termination of such relationship.

(m) <u>Preference</u>. Any payment by Guarantor to Lender that is held to constitute a preference under Bankruptcy Laws, or for any reason Lender is required to refund such payment or pay such amount to any other person or entity.

(n) <u>Other Actions Taken or Omitted</u>. Any other action taken or omitted to be taken with respect to the Loan Documents, the Guaranteed Obligations, or the security and collateral therefor, whether or not such action or omission prejudices Guarantor or any other person or entity or increases the likelihood that Guarantor will be required to pay the Guaranteed Obligations pursuant to the terms hereof.

It is the unambiguous and unequivocal intention of Guarantor that it shall be obligated to pay the Guaranteed Obligations when due, notwithstanding any occurrence, circumstance, event, action, or omission whatsoever, whether contemplated or not contemplated, and whether or not otherwise or particularly described herein, which obligation shall be deemed satisfied only upon the full and final payment and performance of the Guaranteed Obligations.

## ARTICLE 3

## GUARANTOR WAIVERS

Section 3.1    <u>Waiver of Applicable Laws</u>. Guarantor hereby irrevocably waives the benefit of all principles and provisions of law, statutory or otherwise, which are or might be in conflict with the terms of this Guaranty (and agrees that Guarantor's obligations shall not be affected by any circumstances, whether or not referred to in this Guaranty, which might otherwise constitute a legal or equitable discharge of a surety or a guarantor) and the benefits of any right of discharge under any and all statutes or other laws relating to guarantors or sureties and any other rights of sureties and guarantors.

Section 3.2    <u>Waiver of Notice</u>. Guarantor hereby waives all notices with respect to the Loan Documents and this Guaranty that may be required by statute, rule of law or otherwise to preserve Lender's rights against Guarantor under this Guaranty, including notice of (a) any loan or other indebtedness of Borrower, (b) acceptance of this Guaranty, (c) the execution and delivery

by Borrower of any documents or instruments relating to the Loan or in connection with the Property or any collateral, (d) Lender's transfer or disposition of the Guaranteed Obligations, or any part thereof, (e) the occurrence of any default under the Loan Documents, (f) dishonor, (g) notice of intent to accelerate, notice of acceleration, (h) sale or foreclosure (or posting or advertising for sale or foreclosure) of any collateral under the Loan Documents, (i) protest, proof of non-payment or default by Borrower or any other guarantor of the Guaranteed Obligations and (j) any other action at any time taken or omitted by Lender, and, generally, all demands and notices of every kind in connection with this Guaranty or the other Loan Documents.

Section 3.3    Changes in the Guaranteed Obligations. At any time or from time to time and any number of times, without notice to Guarantor and without releasing, discharging or affecting the liability of Guarantor hereunder: (a) the time for payment of the principal of, interest on or other amounts payable under the Loan may be extended or the Loan may be renewed in whole or in part; (b) the rate of interest on or period of amortization of the Loan or the amount of the monthly principal payments payable under the Loan Documents may be modified; (c) the time for Borrower's performance of or compliance with any covenant or agreement contained in any Loan Document, whether presently existing or hereinafter entered into, may be extended or such performance or compliance may be waived; (d) the maturity of the Loan may be accelerated as provided in the Loan Documents; (e) any or all payments due under the Loan Documents may be reduced; (f) any Loan Document may be modified or amended by Lender and Borrower in any respect, including an increase in the principal amount of the Loan; (g) any amounts held under the Loan Documents may be released; (h) the payment of the principal of, interest on or other amounts payable under Loan or any security for the Loan, or both, may be subordinated to the right to payment or the security, or both, of any other present or future creditor of Borrower; (i) any payments made by Borrower to Lender may be applied to the principal of, interest on or other amounts payable under the Loan in such order and priority as Lender determines; (j) Lender may foreclose on any collateral securing the Loan by one or more judicial or non-judicial sales, accept an assignment of any such collateral in lieu of foreclosure; and (k) any other terms of the Loan Documents may be modified as required by Lender.

## ARTICLE 4

## REPRESENTATIONS AND WARRANTIES

Section 4.1    Representations and Warranties. To induce Lender to enter into the Loan Documents and extend credit to Borrower, Guarantor represents and warrants to Lender as of the date hereof as follows:

(a)    This Guaranty constitutes a legal, valid and binding obligation of Guarantor and is enforceable against Guarantor in accordance with its terms, subject only to applicable bankruptcy, insolvency and similar laws affecting rights of creditors generally, and subject, as to enforceability, to general principles of equity (regardless of whether enforcement is sought in a proceeding in equity or at law).

(b)    The execution, delivery and performance of this Guaranty by Guarantor (i) will not result in any violation of the provisions of any Applicable Laws, (ii) will not conflict with or result

in a breach of any of the terms or provisions of, or constitute a default under the terms of any indenture, mortgage, deed of trust, deed to secure debt, loan agreement, management agreement or other agreement or instrument to which Guarantor is a party or to which any of Guarantor's property or assets is subject, and (iii) will not result in or require the creation or imposition of any lien upon or with respect to any of the assets of Guarantor.

(c)     Any consent, approval, authorization, order, registration or qualification of or with a governmental authority or other person or entity required for the execution, delivery and performance by Guarantor of this Guaranty has been obtained and is in full force and effect.

(d)     Guarantor is an affiliate of Borrower, is the owner of a direct or indirect equity interest in Borrower, and has received, or will receive, direct and indirect material financial and other benefits from the making of this Guaranty.

(e)     Guarantor is familiar with, and has independently reviewed books and records regarding, the financial condition of Borrower and is familiar with the value of any and all collateral intended to be created as security for the payment of the Guaranteed Obligations; provided, however, Guarantor is not relying on such financial condition or the collateral as an inducement to enter into this Guaranty.

(f)     Neither Lender nor any of its representatives has made any representation, warranty or statement to Guarantor in order to induce Guarantor to execute this Guaranty and Guarantor has not relied on Lender for any guidance or expertise in analyzing the financial or other consequences of the transactions contemplated by this Guaranty or any other Loan Document or otherwise relied on Lender in any manner in connection with interpreting, entering into or otherwise in connection with this Guaranty, any other Loan Document or any of the matters contemplated hereby or thereby.

(g)     Guarantor has received a copy of each of the Loan Documents and this Guaranty. Guarantor has read this Guaranty and each of the other Loan Documents and understands the nature and structure of the transactions contemplated by this Guaranty and the other Loan Documents. Guarantor understands the risks inherent in such transactions, including the risk of loss of all or any part of the Property or of the assets of Guarantor. Guarantor has had the opportunity to consult with its legal counsel prior to entering into the Guaranty and Guarantor availed himself or herself of such opportunity to the extent he or she desired.

(h)     There are no actions, suits or proceedings at law or in equity by or before any governmental authority, arbitrator or other entity now pending or, to Guarantor's knowledge, threatened against or affecting Guarantor.

(i)     Guarantor has (i) not entered into the transaction contemplated by this Guaranty with the actual intent to hinder, delay or defraud any creditor and (ii) received reasonably equivalent value in exchange for its obligations under this Guaranty. After giving effect to this Guaranty, (x) the fair saleable value of Guarantor's assets will exceed its total liabilities, (y) Guarantor's assets will not constitute unreasonably small capital to carry out its business as conducted or as proposed to be conducted and (z) Guarantor will be able to pay its liabilities as

they mature. In the last ten years, Guarantor has not been the subject of or a party to any pending bankruptcy, reorganization, receivership or other insolvency proceeding or any dissolution or liquidation (each, an "Event of Bankruptcy"). Guarantor is not contemplating an Event of Bankruptcy and to Guarantor's knowledge no other person or entity is contemplating an Event of Bankruptcy in respect of Guarantor.

## ARTICLE 5

## AGREEMENT TO PAY, SUBROGATION AND SUBORDINATION

Section 5.1    Subordination of All Guarantor Claims.

(a)    Without limiting any other right that Lender has at law or in equity against Guarantor, if Borrower fails to pay any Guaranteed Obligation when and as due, whether at maturity, by acceleration, after notice of prepayment or otherwise, Guarantor agrees to promptly pay the amount of such unpaid Guaranteed Obligations to Lender in cash. Upon payment by Guarantor of any sums to Lender as provided herein, all of Guarantor's rights of subrogation, exoneration, contribution, reimbursement, indemnity or otherwise arising therefrom against Borrower with respect to such sum shall be subordinate and junior in right of payment to the prior indefeasible payment in full in cash of all monetary Guaranteed Obligations. If any payment shall be paid to Guarantor in violation of the immediately preceding sentence on account of such subrogation, exoneration, contribution, reimbursement, indemnity or similar right, such amount shall be held in trust for the benefit of Lender, segregated from other funds of Guarantor, and promptly paid or delivered to Lender in the same form as so received (with any necessary endorsement or assignment) to be credited against the payment of the Guaranteed Obligations, whether due or to become due, in accordance with the terms of the Loan Documents or to be held as collateral for the Guaranteed Obligations.

(b)    Guarantor hereby subordinates any and all debts, liabilities and obligations owed to it by Borrower (including all rights and claims of Guarantor against Borrower as a result of Guarantor's payment of all or part of the Guaranteed Obligations) (the "Subordinated Obligations") to the Guaranteed Obligations as follows:

(i)    Guarantor shall not accept, demand or take any action to collect any payment on the Subordinated Obligations without the prior written consent of Lender.

(ii)    Guarantor agrees that Lender shall be entitled to receive full payment in cash of all Guaranteed Obligations (including interest accruing during the pendency of any proceeding under Bankruptcy Laws, regardless of whether allowed or allowable in such proceeding ("Post-Petition Interest")) in any proceeding under Bankruptcy Laws against Borrower before Guarantor receives any payment on account of any Subordinated Obligations.

(iii)    After the occurrence and during the continuance of any default under the Loan Documents (including the commencement and continuation of any proceeding against Borrower or Guarantor under Bankruptcy Laws), Guarantor shall collect, enforce and receive payments on the Subordinated Obligations as trustee for Lender and deliver such payments to Lender on account

of the Guaranteed Obligations (including Post-Petition Interest), together with any necessary endorsements or other instruments of transfer, without reducing or affecting the liability of Guarantor under this Guaranty in any respect.

(iv) After the occurrence and during the continuance of any default under the Loan Documents (including the commencement and continuation of any proceeding against Borrower or Guarantor under Bankruptcy Laws), Lender is authorized and empowered (but not obligated), in its discretion, (x) in the name of Guarantor, to collect and enforce, and to submit claims in respect of, Subordinated Obligations and to apply any amount so received to the Guaranteed Obligations (including Post-Petition Interest), and (y) to require Guarantor (A) to collect and enforce and to submit claims in respect of, Subordinated Obligations and (B) to pay any amounts received on such obligations to Lender for application to the Guaranteed Obligations (including Post-Petition Interest).

Section 5.2    Payments Held in Trust. In the event that, notwithstanding anything to the contrary in this Guaranty, Guarantor should receive any funds, payments, claims and/or distributions which are prohibited by this Guaranty, Guarantor agrees to hold in trust for Lender an amount equal to the amount of all funds, payments, claims or distributions so received, and agrees that it shall have absolutely no dominion over the amount of such funds, payments, claims and/or distributions so received except to pay such funds, payments, claims and/or distributions promptly to Lender, and Guarantor covenants promptly to pay the same to Lender.

Section 5.3    Liens Subordinate. Guarantor agrees that no liens, security interests, judgment liens, charges or other encumbrances shall exist upon Borrower's assets securing payment of the Subordinated Obligations and any such liens, security interests, judgment liens, charges or other encumbrances which may exist shall be and remain inferior and subordinate to any liens, security interests, judgment liens, charges or other encumbrances upon Borrower's assets securing payment of the Guaranteed Obligations, regardless of whether such encumbrances in favor of Guarantor or Lender presently exist or are hereafter created or attach. Without the prior written consent of Lender, Guarantor shall not (a) exercise or enforce any creditor's right it may have against Borrower, or (b) foreclose, repossess, sequester or otherwise take steps or institute any action or proceedings (judicial or otherwise, including the commencement of, or joinder in, any proceeding under Bankruptcy Laws) to enforce any liens, mortgages, deeds of trust, deeds to secure debt, security interests, collateral rights, judgments or other encumbrances on assets of Borrower held by Guarantor.

## ARTICLE 6

## MISCELLANEOUS

Section 6.1    Waiver; Amendment. No failure to exercise, and no delay in exercising, on the part of Lender, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of Lender hereunder shall be in addition to all other rights provided by law. No modification, amendment, extension, discharge, termination or waiver of any provision of this Guaranty, nor consent to any departure by Guarantor or Lender therefrom, shall in any event be

effective unless the same shall be in a writing signed by the party or parties against whom enforcement is sought, and then any such waiver or consent shall be effective only in the specific instance, and for the purpose, for which given. No notice or demand given in any case shall constitute a waiver of the right to take other action in the same, similar or other instances without such notice or demand.

Section 6.2    Notices. All notices given by Guarantor or Lender in connection with this Guaranty must be in writing. Any notice to Guarantor in connection with this Guaranty shall be deemed to have been given to Guarantor when mailed by first class mail or when actually delivered to Guarantor's notice address if sent by other means. Guarantor's notice address shall be the address set forth on the signature page hereto unless Guarantor has designated a substitute notice address by notice to Lender. Guarantor shall promptly notify Lender of Guarantor's change of address. If Lender specifies a procedure for reporting Guarantor's change of address, then Guarantor shall only report a change of address through that specified procedure. There may be only one designated notice address under this Guaranty at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated in the Definitions Section of the Note unless Lender has designated another address by notice to Guarantor. Any notice in connection with this Guaranty shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Guaranty is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Guaranty.

Section 6.3    Governing Law. This Guaranty shall be governed by federal law and the law of New Jersey without regard to the application of choice of law principles that would result in the application of the laws of another jurisdiction.

Section 6.4    Venue. Guarantor agrees that any controversy arising under or in relation to this Guaranty shall be litigated exclusively in New Jersey. The state and federal courts and authorities with jurisdiction in New Jersey shall have exclusive jurisdiction over all controversies that arise under or in relation to this Guaranty or any other Loan Document with respect to the subject matter hereof. Guarantor irrevocably consents to service, jurisdiction and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

Section 6.5    WAIVER OF JURY TRIAL. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS GUARANTY OR ANY LOAN DOCUMENT OR THE RELATIONSHIP BETWEEN THE PARTIES AS GUARANTOR AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY GUARANTOR, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.

Section 6.6    Severability. Wherever possible, each provision of this Guaranty shall be interpreted in such manner as to be effective and valid pursuant to Applicable Law, but if any

provision of this Guaranty shall be prohibited by or invalid pursuant to Applicable Law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

Section 6.7    Prior Agreements.  THIS GUARANTY REPRESENTS THE FINAL AGREEMENT OF GUARANTOR WITH RESPECT TO THE SUBJECT MATTER HEREOF AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.  All prior or contemporaneous agreements, understandings, representations and statements, oral or written, relating to the subject matter hereof are superseded by this Guaranty.

Section 6.8    Defined Terms; Construction.

(a)    Capitalized terms used herein without definition shall have the meanings ascribed thereto in the other Loan Documents.

(b)    Any reference in this Guaranty to a "Section" shall, unless otherwise explicitly provided, be construed as referring to a Section of this Guaranty.

(c)    The Article and Section headings in this Guaranty are included herein for convenience of reference only and shall not constitute a part of this Guaranty for any other purpose.

(d)    Any reference in this Guaranty to a statute or regulation shall be construed as referring to that statute or regulation as amended from time to time.

(e)    Use of the singular in this Guaranty includes the plural and use of the plural includes the singular.

(f)    As used in this Guaranty, the term "including" means "including, but not limited to" or "including, without limitation," and is for example only, and not a limitation.

(g)    Whenever Guarantor's knowledge is implicated in this Guaranty or the phrase "to Guarantor's knowledge" or a similar phrase is used in this Guaranty, Guarantor's knowledge or such phrase(s) shall be interpreted to mean to the best of Guarantor's knowledge after reasonable and diligent inquiry and investigation.

(h)    Unless otherwise provided in this Guaranty, if Lender's approval, consent, designation, determination, selection, estimate, action or decision is required, permitted or contemplated hereunder, such approval, consent, designation, determination, selection, estimate, action or decision shall be made in Lender's sole and absolute discretion.

(i)    All references in this Guaranty to a separate instrument or agreement shall include such instrument or agreement as the same may be amended or supplemented from time to time pursuant to the applicable provisions thereof.

(j) The term "Borrower" as used herein shall include any new or successor corporation, association, partnership (general or limited), limited liability company, joint venture, trust or other individual or organization formed as a result of any merger, reorganization, sale, transfer, devise, gift or bequest of Borrower or any interest in Borrower.

Section 6.9 Recitals. The recital and introductory paragraphs hereof are a part hereof, form a basis for this Guaranty and shall be considered prima facie evidence of the facts and documents referred to therein.

Section 6.10 Rights and Remedies. If Guarantor becomes liable for any indebtedness owing by Borrower to Lender, by endorsement or otherwise, other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may ever have against Guarantor. The exercise by Lender of any right or remedy hereunder or under any other instrument, or at law or in equity, shall not preclude the concurrent or subsequent exercise of any other right or remedy.

Section 6.11 Taxes. Any payments by or on account of any obligation of Guarantor under this Guaranty shall be made without deduction or withholding for any tax; provided, however, that if any law requires deduction or withholding of a tax, such tax shall be deducted and withheld from such payment and paid to the relevant governmental authority in accordance with Applicable Law and the sum payable hereunder shall be increased so that after such deduction or withholding (including deductions or withholdings applicable to additional amounts payable hereunder) Lender receives an amount equal to the sum it would have received had no such deduction or withholding been made; provided, further, that such additional amounts shall not include any taxes measured by net income (however denominated) or franchise taxes imposed on Lender. Guarantor shall promptly indemnify Lender for all such non-excluded taxes (including interest and additions to tax) and related expenses. Guarantor shall promptly deliver evidence satisfactory to Lender of any payments made pursuant to this Section 6.11.

Section 6.12 Assignment. Lender may assign its rights under this Guaranty in whole or in part and, upon any such assignment, all the terms and provisions of this Guaranty shall inure to the benefit of and may be enforced by such assignee to the extent so assigned. Guarantor may not assign its rights, duties and obligations under this Guaranty, in whole or in part, without Lender's prior written consent, and any such assignment shall be deemed void ab initio. The terms used to designate any of the parties herein shall be deemed to include the heirs, legal representatives, successors and assigns of such parties.

Section 6.13 Time is of the Essence. Guarantor agrees that, with respect to each and every obligation and covenant contained in this Guaranty, time is of the essence.

Section 6.14 Credit Report. Guarantor acknowledges and agrees that Lender is authorized, no more frequently than once in any twelve (12) month period, to obtain a credit report (if applicable) on Guarantor, the cost of which shall be paid for by Guarantor. Guarantor acknowledges and agrees that Lender is authorized to obtain a credit score (if applicable) for Guarantor at any time at Lender's expense.

Section 6.15    <u>State-Specific Provisions</u>.

(a)    Guarantor guarantees the full and prompt payment and performance when due of all of Borrower's obligations under the Loan Agreement.

(b)    Guarantor further waives all defenses based on suretyship or impairment of collateral (Guarantor and Lender intending this waiver to have the effects described in Section 48 of the Restatement (Third) of the Law of Suretyship and Guaranty).

(c)    Guarantor hereby acknowledges that it has read and understands all of the provisions of this Guaranty, including the waiver of jury trial set forth in Section 6.5 above, and has been advised by legal counsel as Guarantor has deemed to be necessary or appropriate.

Section 6.16    <u>Community Property Provision</u>.  Not applicable.

The parties executing this Guaranty intend to create an instrument executed under seal.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Guarantor has signed and delivered this Guaranty as of the date first written above, under seal (where applicable). Where Applicable Law so provides, Guarantor intends that this Guaranty shall be deemed to be signed and delivered as a sealed instrument.

GUARANTOR:

_____ (SEAL)
ARTHUR SPITZER

Address for Notices to Guarantor:
123 Ave I
Brooklyn, NY 11230

Guarantor represents and warrants that Guarantor is:

[____] single
[_x__] married
[    ] an entity

Guarantor represents and warrants that Guarantor is a resident of New York.